UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20285-RAR

**ANITE DELICE**,

    Plaintiff,

v.

**BURLINGTON STORES, INC.**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment ("Motion"), [ECF No. 36], accompanied by Defendant's Statement of Material Facts ("DSMF"), [ECF No. 37]. Defendant Burlington Stores, Inc. seeks the dismissal of Plaintiff's negligence claims against Defendant. Plaintiff filed a Response in Opposition ("Response"), [ECF No. 38], supported by Plaintiff's Statement of Facts, [ECF No. 39]. Defendant filed a Reply to Plaintiff's Response ("Reply"). [ECF No. 45]. The Court held a hearing on the Motion on September 27, 2024. [ECF No. 51]. The Motion is now ripe for adjudication. The Court being fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 36], is **GRANTED** for the reasons stated herein.

## BACKGROUND

This is a slip-and-fall negligence case. Plaintiff claims that Defendant negligently maintained its premises by permitting the presence of a concealed hazardous conditions, namely,

an unattended shopping cart.[1]  On December 5, 2021, Plaintiff Anite Delice went to return a pair of shoes she had previously purchased at Defendant's store in Miami, Florida.  DSMF ¶¶ 1–5.  When Plaintiff arrived at the store, she first went to the shoe department to check whether she could exchange the ill-fitting shoes for another pair in her size.  DSMF ¶ 6.  The shoe department did not have the shoes in her size, so Plaintiff left the shoe department and began walking towards the checkout counters at the front of the store to return the shoes.  Plaintiff's Second Amended Complaint ("SAC") ¶ 8, [ECF No. 30]; DSMF ¶¶ 7–9.

Leaving the shoe department, Plaintiff turned right onto the store's main aisle, which leads towards the checkout counters at the front of the store.  DSMF ¶ 9.  This main aisle is a walkway 10–12 feet in width and is clear of merchandise.  DSMF ¶¶ 10–11.  Facing the checkout counters, the main aisle is flanked on the left by a section of clothing racks.  DSMF ¶ 12; PSMF ¶ 12.  As Plaintiff was walking down the main aisle towards the checkout counters, she was looking ahead and there was no one in front of her.  DSMF ¶¶ 13-14.  Plaintiff walked "a little bit" up the main aisle, passing an unattended shopping cart.  Delice Dep., 65:3; SAC ¶ 9; DSMF ¶ 18.  The shopping cart contained a "long, rolled rug" on the bottom rack of the cart.  SAC ¶ 9.  The rug extended forward beyond the front of the shopping cart, leaving a portion of the rug hanging in front of the cart without touching the floor.  Delice Dep., 62:1–4, 77:7–18; SAC ¶¶ 9–10; DSMF ¶ 18.

As Plaintiff was passing the unattended cart, another customer ("Customer 1") was approaching the same cart behind Plaintiff.  SAC ¶ 12; DSMF ¶ 16.  Customer 1 pushed the unattended shopping cart forward to access the clothing racks on the left side of the main aisle.

---

[1] Plaintiff's Second Amended Complaint, [ECF No. 30], alleged two theories of liability: (1) failure to maintain and (2) failure to warn.  However, Plaintiff withdrew her failure to warn claim in the Response because Plaintiff testified that she saw the shopping cart that injured her a few moments before the accident. Response at 2–3; DSMF at ¶ 40; Deposition Transcript of Anite Delice ("Delice Dep."), [ECF No. 37-2], 108:24–111:23.

Delice Dep., 65:20–22, 66:5–67:8; SAC ¶ 12; DSMF ¶¶ 16–17.  As the shopping cart was moving forward towards Plaintiff, the carpet hanging from the bottom rack struck Plaintiff on both legs, causing Plaintiff to fall forward face-down on the floor.  Delice Dep., 74:1–21.  As a result, Plaintiff sustained injuries.  SAC ¶¶ 20–21.

Upon getting up after the accident, Plaintiff approached Defendant's employee ("Employee 1"), who was stationed close to the front door, to report the incident.  DSMF ¶ 44; PSMF ¶ 44.  From that vantage point, Employee 1 could not see the area where the incident purportedly occurred and did not see the shopping cart.  DSMF ¶¶ 44–45; PSMF ¶¶ 44–45.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 56

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *Chapman v. Al Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (citation omitted).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Id.*  The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II. Florida Premises Liability

Under Florida law, a claim for negligence has four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011).

A business owner has a duty to "use ordinary care to maintain its premises in a reasonably safe condition." *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011). When a plaintiff alleges that a business owner is in breach of its duty to maintain its premises in a reasonably safe condition, "an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 578 (Fla. 5th DCA 2005). "But some open and obvious conditions are such that they will not constitute a failure to maintain the premises in a reasonably safe condition as a matter of law." *Kelley v. Sun Communities, Inc.*, No. 8:19-cv-1409-T-02AAS, 2021 WL 37595, at *2 (M.D. Fla. Jan. 5, 2021) (citing *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012)). An open and obvious condition will not give rise to liability based on a failure to maintain the premises when either (1) the condition is "open and obvious and not inherently dangerous", or (2) the condition is "so open and obvious that an invitee may be reasonably expected to discover them to protect himself." *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017) (quoting *Dampier*, 82 So. 3d at 206).

A plaintiff must also show that the business had actual or constructive knowledge of the dangerous condition that injured the plaintiff. *Grimes v. Fam. Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427 (Fla. 3d DCA 2016) (citing *Schaap v. Publix Supermarkets, Inc.*, 579 So. 2d 831, 834

(Fla. 1st DCA 1991)). A plaintiff may demonstrate constructive knowledge "by circumstantial evidence showing that (a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." FLA. STAT. § 768.0755(1).

## ANALYSIS

Plaintiff claims that Defendant negligently failed to maintain its premises in a reasonably safe condition by failing to remove an unattended shopping cart that was obstructing traffic from the floor of Defendant's store. SAC ¶¶ 6–21. Defendant moves for summary judgment on Plaintiff's claim for failure to maintain. Based on the evidence in the record, Defendant's Motion is due to be granted.

### I. Dangerous Condition

Plaintiff's theory as to what constitutes the dangerous condition in this case is somewhat unclear. In her Second Amended Complaint, Defendant alleges that the "[s]hopping [c]art that posed . . . an obstruction to customers' free and safe path through the main aisle of [ ] [t]he [p]remises was a hazardous condition," suggesting that Plaintiff considers *this specific* shopping cart to be a dangerous condition in light of its particular characteristics. SAC ¶ 17. In her Response, however, Plaintiff articulates a broader theory. Plaintiff argues that Defendant's "allowing carts without customers was a dangerous condition because it would obviously lead other customers to push carts out of their way, thus endangering other customers like the [P]laintiff." Response at 9. That is, in her Response, Plaintiff contends that the shopping cart was a dangerous condition not because of its particular characteristics, but because *any* unattended shopping cart is a dangerous condition even "if left alone for one second." Response at 5.

The Court will not consider a new theory of negligence raised for the first time in response to a motion for summary judgment. *See Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (finding that a party may not raise a new theory of negligence in response to a motion for summary judgment). In other words, a plaintiff "is not permitted to amend her complaint through her opposition to summary judgment." *Martin v. Wal-Mart Stores E., LP*, No. 21-20889, 2022 WL 1686914, at *3 (S.D. Fla. May 26, 2022). Accordingly, the Court will only consider the specific shopping cart along with its particular characteristics as the dangerous condition at issue in this case.

Plaintiff has raised a genuine issue of material fact as to whether the shopping cart in question was a dangerous condition. Plaintiff says the rug extended three times the length of the cart itself and was nearly as long as an automobile. DSMF ¶ 19; PSMF ¶ 19; Delice Dep., 76:15–77:14. Defendant argues that this defies "the laws of physics" and cites testimony by Employee 1 that the rug was "not 3 times the length of a shopping cart." DSMF ¶ 19. Plaintiff further alleges that the shopping cart posed an obstruction in the main aisle of the store, SAC ¶ 10, while Defendant suggests that the shopping cart could not have posed an obstruction given the width of the store's main aisle. DSMF ¶ 11; Reply 8–9. It is also undisputed that Customer 1 moved the shopping cart out of the way to access the clothing racks directly to the left of the shopping cart. DSMF ¶ 16; PSMF ¶ 16.

Drawing all inferences in the light most favorable to Plaintiff, *see Stewart*, 117 F.3d at 1285, the Court finds that a genuine issue of material fact exists as to whether the shopping cart posed a dangerous condition. A reasonable juror could find that a shopping cart loaded with a rug three times its length posed an obstruction in the aisles of the store, that a customer could be expected to move such an obstruction if left unattended, and that, once moved, given the size of the cart's load, the cart could have an unpredictable trajectory.

Nor does the record allow the Court to determine as a matter of law that the injury-causing condition was "so open and obvious that an invitee may be reasonably expected to discover [it] to protect himself." *Brookie*, 213 So. 3d at 1133; *see also Roiz v. Wal-Mart Stores E., LP*, No. 17-21491, 2018 WL 11460959, at *2 (S.D. Fla. Feb. 6, 2018) (finding that a stationary pallet containing boxes of merchandise was an open and obvious condition when pallet was in plain sight and plaintiff tripped over it while holding a box that obstructed his view); *Blakely v. Wal-Mart Stores E., LP*, No. 3:14cv34/MCR/CJK, 2015 WL 4529616, at *4 (N.D. Fla. July 27, 2015) (finding that a stationary clothing rack was an open and obvious condition when plaintiff tripped over it because it was in clear view, not obstructed by any other object, and easily passable given the width of the aisle).

Here, Defendant is correct in pointing out that Plaintiff saw or had the opportunity to see the shopping cart on two occasions: first on her way to the shoe department and a second time on her way back to the checkout counters. *See* Mot. at 14. However, "it is the dangerous condition of an object which must be open and obvious, not simply the object itself." *Kloster Cruise Ltd. v. Grubbs*, 762 So. 2d 552, 555 (Fla. 3d DCA 2000). Thus, courts have found an object to be dangerous even when the object was clearly visible to the plaintiff if the condition making the object dangerous was concealed or otherwise not immediately apparent. *See, e.g.*, *Rocamonde*, 56 So. 3d at 863 (finding that a mobile clothing rack was not an open and obvious condition when plaintiff tripped over the "protruding base" of the rack, which was hidden or obscured from plain view).

Here—unlike in *Roiz*, *Brookie*, and *Blakely*—Plaintiff does not allege that she tripped over a stationary item in plain view; she alleges that the shopping cart was pushed into her from behind. That Plaintiff saw the shopping cart twice before may be relevant if she were claiming that the existence of an unattended cart is inherently dangerous by itself. But this is not Plaintiff's claim.

*See* Response at 9 ("While the existence of the abandoned cart in the aisle may not have been inherently dangerous *itself*, it posed as an obstruction to other customers and thus provided the foreseeable opportunity for another customer to push the cart into [P]laintiff in an unexpected manner at an unexpected time"). Plaintiff would not have been able to apprehend any danger from the cart after she had already passed it. Thus, the fact that Plaintiff had seen the cart before does not automatically mean the cart's alleged danger was "open and obvious" to Plaintiff. Accordingly, at the summary judgment stage, the Court cannot find that the shopping cart in question was so open and obvious that it was not a dangerous condition as a matter of law.

## II. Notice

Even if a reasonable juror could find that the shopping cart was inherently dangerous, the record does not support a finding that Defendant had actual or constructive notice of the dangerous condition.

Regarding actual notice, nothing in the record indicates that Defendant's "employees or agents kn[e]w of or create[d] the dangerous condition." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019). The undisputed record indicates that the one employee who might have had the shopping cart in eyeshot did not in fact see the cart or the incident as it occurred. DSMF ¶¶ 44–45; PSMF ¶¶ 44–45. And Plaintiff acknowledges that the shopping cart was placed in its position by another customer, not one of Defendant's employees. Delice Dep., 86:13–19.

The record also does not support a finding that Defendant had constructive notice of the purportedly dangerous condition. The "mere presence" of a hazard "is not enough to establish constructive notice." *Delgado*, 65 So. 3d at 1090 (citation omitted); *see also Pussinen v. Target Corp.*, 731 F. App'x 936, 937 (11th Cir. 2018). As such, "the record must contain additional facts in support of liability, to create a permissible inference upon which [Defendant] could rely in

defense against [Plaintiff's] motion for summary judgment." *Delgado*, 65 So. 3d at 1090 (citation omitted).

Plaintiff advances the conclusory allegation that the shopping cart "was a hazardous condition that existed for a sufficient and extended length of time such that Defendant . . . had constructive notice of the existence of the hazardous" shopping cart.[2] To support this claim, Plaintiff argues that "Burlington knew that customers regularly stepped away from their carts or abandoned them in the middle of the store." Response at 4. But this does not establish constructive notice. The crux of Plaintiff's claim is that the particular characteristics of the shopping cart in question made it a dangerous condition. And as Plaintiff concedes, "the existence of the abandoned cart in the aisle may not have been inherently dangerous *itself*." *Id.* at 9 (emphasis in original). Thus, it is not enough for Plaintiff to allege that Defendant generally knew that customers left shopping carts unattended because this is not, without more, an inherently dangerous practice. Rather, to succeed on this "regular occurrence" theory of constructive notice, the record must reveal additional evidence suggesting that similar dangerous conditions or incidents occurred with regularity. *See, e.g.*, *Publix Super Markets, Inc. v. Safonte*, 388 So. 3d 32, 36 (Fla. 4th DCA 2024) ("To prove a dangerous condition occurred with regularity, the plaintiff must provide 'evidence of recurring or ongoing problems that could have resulted from operational

---

[2] The parties dispute whether the shopping cart could be characterized as "abandoned." Plaintiff says a shopping cart is abandoned the moment it is left unattended. Response at 5. Defendant says a shopping cart should be "left alone and untouched for 10 minutes before a cart is deemed abandoned." Mot. at 3 (emphasis omitted). Plaintiff characterizes this as a factual dispute that precludes summary judgment. Response at 4–6. But this dispute is semantic, not factual. Regardless of whether the shopping cart is characterized as abandoned or not, it is undisputed that the cart was unattended in the moments before and at the time of the accident. All that remains in question is how long the shopping cart was left unattended and whether such a length of time would suffice to establish constructive knowledge of a dangerous condition.

negligence or negligent maintenance[.]'") (quoting *Speedway, LLC v. Cevallos*, 331 So. 3d 731, 735 (Fla. 4th DCA 2021)). The record contains no such facts.

Nor does the record support a finding of constructive notice based on the length of time the shopping cart was left unattended. Plaintiff testified that she does not know when the customer using the shopping cart first left it unattended or how long they had left the cart before the incident. Delice Dep., 87:20–88:1. As Plaintiff concedes, at most, the record supports a finding that the shopping cart was left unattended "for perhaps five minutes or more." Response at 6; PSMF ¶ 76; Reply at 5. Although there is no bright-line test to establish constructive notice, *Lebron v. Royal Caribbean Cruises, Ltd.*, 818 F. App'x 918, 921 (11th Cir. 2020), cases interpreting Florida law have generally found that less than ten minutes is insufficient while fifteen to twenty minutes may suffice. *See, e.g.*, *Hernandez v. Sam's E., Inc.*, No. 20-61648, 2021 WL 1647887, at *3 (S.D. Fla. Apr. 26, 2021) (finding ten minutes insufficient to establish constructive notice); *Straube v. Moran Foods, LLC*, No. 8:16–cv–49–T–24, 2016 WL 6246539, at *2 (M.D. Fla. Oct. 25, 2016) (finding seven and a half minutes insufficient to establish constructive notice); *McNeal v. Walmart Stores E., LP*, No. 2:21-CV-711-SPC-NPM, 2023 WL 145012, at *5 (M.D. Fla. Jan. 10, 2023) (finding seven minutes insufficient to establish constructive notice); *Russo v. Moran Foods*, No. 17-14314, 2018 WL 2694535, at *3 (S.D. Fla. Apr. 6, 2018) (finding five minutes insufficient to establish constructive notice); *Walker v. Winn-Dixie*, 160 So. 3d 909, 912 (Fla. 1st DCA 2014) (finding four minutes insufficient to establish constructive notice); *Hill v. Ross Dress for Less*, No. 12–23368, 2013 WL 6190435, at *4 (S.D. Fla. Nov. 26, 2013) (finding fifteen to twenty minutes generally sufficient to establish constructive notice); *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785

F. App'x 794, 798 (11th Cir. 2019) (finding eighteen minutes sufficient to establish constructive notice).[3]

The record in this case does not support a finding that the cart was abandoned for ten or more minutes, let alone fifteen to twenty minutes. Thus, even assuming that the shopping cart was a dangerous condition and viewing all facts in the light most favorable to the Plaintiff, the record does not contain sufficient evidence for a reasonable juror to conclude that Defendant had constructive notice of the dangerous condition.[4]

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, [ECF No. 36], is **GRANTED**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 1st day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[3] At oral argument, Plaintiff raised a new argument that Defendant had a policy of collecting unattended carts and that a jury may find constructive notice on this basis. However, it is well-established that the existence of an internal safety policy and a store's adherence or non-adherence to the policy "cannot be construed as evidence of [the store's] constructive knowledge of the dangerous condition." *Espinoza v. Target Corp.*, 843 F. App'x 168, 174 (11th Cir. 2021); *see also McNeal*, 2023 WL 145012, at *6 (collecting cases).

[4] Defendant's briefing also appears to argue that the fact another customer pushed the cart into Plaintiff absolves Defendant of liability. Mot. at 2; Reply at 5–6. As confirmed at oral argument, the Court understands that Defendant aims this argument at the causation element of negligence—namely, that there was an intervening event out of Defendant's control that caused Plaintiff's injuries. However, Defendant does not raise this argument clearly in its briefing. In any event, the Court need not address the issue of causation here because the lack of established actual or constructive notice disposes of Plaintiff's claim.